UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA

CASE NO.:

EVRETT JAMES, and
VERONICA ELLERBE,

    **Plaintiff,**

vs.

MARRIOTT VACATIONS WORLDWIDE
CORPORATION d/b/a THE WESTIN ST. JOHN,

    **Defendant.**
_____/

## COMPLAINT

Plaintiff, EVRETT JAMES and VERONICA ELLERBE (collectively, "Plaintiffs"), by and through the undersigned counsel, and hereby sues Defendant, MARRIOTT VACATIONS WORLDWIDE CORPORATION d/b/a THE WESTIN ST. JOHN ("Defendant"), and alleges as follows:

1. This is an action for declaratory and injunctive relief and damages pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 ("Title VII"); and the Civil Rights Act of 1866, 42 U.S.C. §1981 ("§ 1981"), to redress injuries resulting from Defendant's unlawful race-based discriminatory treatment of and retaliation against Plaintiffs.

2. At all times material hereto, Plaintiffs are residents of the U.S. Virgin Islands.

3. Defendant is a Foreign Profit Corporation with its primary place of business and headquarters in Orlando, Florida.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

4. Plaintiffs are Black individuals and within a class of individuals protected by Title VII and § 1981.

5. Plaintiffs worked for Defendant as sales representatives whose compensation was derived solely on commissions based on sales made.

6. Plaintiffs were the only Black sales representation at the location where they worked for Defendant.

7. Throughout their employment, Defendant engaged in intentional discriminatory conduct including but not limited to giving more favorable sales opportunities to non-Black employees and fraudulently manipulating Plaintiffs' actual sales numbers both of which resulted in a substantial loss in commissions. Similarly situated, non-Black sales representatives were not subject to such treatment.

8. In November 2019, Plaintiffs timely filed Charges of Discrimination alleging discrimination on the basis of race and retaliation with the Equal Employment Opportunity Commission. Plaintiffs received rights-to-sue from the EEOC on December 10, 2019.

9. Since filing the Charges, Plaintiffs have been given write-ups and subject to other disciplinary action, based on false and manipulated sales numbers, in retaliation for their complaints about workplace discrimination and EEOC filings.

10. Since receiving the rights-to-sue, Defendant's continued discriminatory and retaliatory conduct have necessitated Plaintiffs filing additional Charges of Discrimination with the EEOC.

11. Ultimately, Plaintiff, Evrett James, was terminated by Defendant in retaliation for the above-described protected activity.

12. Any reason proffered by Defendant for the conduct described above is mere pretext for unlawful discrimination and retaliation. Throughout their employment Plaintiffs were able to perform the essential functions of their job duties and responsibilities, and at all relevant times did perform their job at satisfactory or above-satisfactory levels.

## COUNT I
### *Race Discrimination in Violation of Title VII*

13. Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1-12 of this complaint as if set out in full herein.

14. Plaintiffs are members of a protected class under Title VII.

15. By the conduct describe above, Defendant has engaged in discrimination against Plaintiffs because of Plaintiffs' race and subjected Plaintiffs to animosity based on race.

16. Such discrimination was based upon the Plaintiffs' race in that Plaintiffs would not have been the object of discrimination but for the fact that Plaintiffs are Black.

17. Defendant's conduct complained of herein was willful and in disregard of Plaintiffs' protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

18. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiffs possessed the authority to affect the terms, conditions, and privileges of Plaintiffs' employment with Defendant.

19. Defendant retained all employees who exhibited discriminatory conduct toward Plaintiffs and did so despite the knowledge of said employees engaging in discriminatory actions.

20. As a result of Defendant's actions, as alleged herein, Plaintiffs have been deprived of rights, have been exposed to ridicule and embarrassment, and they have suffered emotional distress and damage.

21. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against Plaintiffs, deprived Plaintiffs of statutory rights under federal law.

22. The actions of Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to Plaintiffs' statutorily protected rights, thus entitling Plaintiffs to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

23. Plaintiffs have suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully pray for the following relief against Defendant:

  a. Adjudge and decree that Defendant has violated Title VII, and has done so willfully, intentionally, and with reckless disregard for Plaintiffs' rights;

  b. Enter a judgment requiring that Defendant pay Plaintiffs appropriate back pay, benefits adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

  c. Enter an award against Defendant and award Plaintiffs compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

  d. Require Defendant to reinstate Plaintiffs to the position at the rate of pay and with the full benefits Plaintiffs would have had Plaintiffs not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

  e. Award Plaintiffs the costs of this action, together with a reasonable attorney fees; and

  f. Grant such additional relief as the Court deems just and proper.

## COUNT II
*Race Discrimination in Violation of 42 U.S.C. § 1981*

24. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-16 of this complaint as if set out in full herein.

25. Plaintiff is a member of a protected class under § 1981.

26. By the conduct describe above, Defendant has engaged in discrimination against Plaintiffs because of Plaintiffs' race and subjected Plaintiffs to animosity based on race.

27. Such discrimination was based upon the Plaintiffs' race in that Plaintiffs would not have been the object of discrimination but for the fact that Plaintiffs are Black.

28. Defendant's conduct complained of herein was willful and in disregard of Plaintiffs' protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

29. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiffs possessed the authority to affect the terms, conditions, and privileges of Plaintiffs' employment with Defendant.

30. Defendant retained all employees who exhibited discriminatory conduct toward Plaintiffs and did so despite the knowledge of said employees engaging in discriminatory actions.

31. As a result of Defendant's actions, as alleged herein, Plaintiffs have been deprived of rights, have been exposed to ridicule and embarrassment, and they have suffered emotional distress and damage.

32. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against Plaintiffs, deprived Plaintiffs of statutory rights under federal law.

33. The actions of Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to Plaintiffs' statutorily protected rights, thus entitling Plaintiffs to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

34. Plaintiffs have suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

35. So that Plaintiffs' rights may be protected, Plaintiffs have retained the undersigned counsel who is entitled to attorney's fees pursuant to 42 U.S.C. § 1988, the Civil Rights Attorneys Fee Award Act.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

   a. Adjudge and decree that Defendant has violated 42 U.S.C. § 1981, and has done so willfully, intentionally, and with reckless disregard for Plaintiffs' rights;

   b. Enter a judgment requiring that Defendant pay Plaintiffs appropriate back pay, benefits adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

   c. Enter an award against Defendant and award Plaintiffs compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

   d. Require Defendant to reinstate Plaintiffs to the position at the rate of pay and with the full benefits Plaintiffs would have had Plaintiffs not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

   e. Award Plaintiffs the costs of this action, together with a reasonable attorney fees; and

   f. Grant such additional relief as the Court deems just and proper.

## COUNT III
### *Retaliation in Violation of Title VII*

36. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-12 of this complaint as if set out in full herein.

37. By the conduct describe above, Defendant retaliated against Plaintiffs for exercising rights protected under Title VII.

38. Defendant's conduct complained of herein was willful and in disregard of Plaintiffs' protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

39. As a result of Defendant's actions, as alleged herein, Plaintiffs have been deprived of rights, have been exposed to ridicule and embarrassment, and they have suffered emotional distress and damage.

40. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against Plaintiffs, deprived Plaintiffs of statutory rights under federal law.

41. The actions of Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to Plaintiffs' statutorily protected rights, thus entitling Plaintiffs to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

42. Plaintiffs have suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendants:

    a. Adjudge and decree that Defendants have violated Title VII, and have done so willfully,

intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendants pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendants and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendants to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendants, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f. Grant such additional relief as the Court deems just and proper.

## COUNT IV
*Retaliation in Violation of 42 U.S.C. § 1981*

43. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-12 of this complaint as if set out in full herein.

44. By the conduct describe above, Defendant retaliated against Plaintiffs for exercising rights protected under § 1981.

45. Defendant's conduct complained of herein was willful and in disregard of Plaintiffs' protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

46. As a result of Defendant's actions, as alleged herein, Plaintiffs have been deprived of rights, have been exposed to ridicule and embarrassment, and they have suffered emotional distress and damage.

47. The conduct of Defendant, by and through the conduct of its agents, employees, and/or

representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against Plaintiffs, deprived Plaintiffs of statutory rights under federal law.

48. The actions of Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to Plaintiffs' statutorily protected rights, thus entitling Plaintiffs to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

49. Plaintiffs have suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendants:

a. Adjudge and decree that Defendants have violated § 1981, and have done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendants pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendants and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendants to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendants, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f. Grant such additional relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury of all issues triable as of right by jury.

Dated: 3-9-2020

Respectfully submitted,

_____
Jason S. Remer, Esq.
Florida Bar Number: 165580
jremer@rgpattorneys.com

**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005